**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

_____
                                     )

MAURICE WALKER, on behalf of    )
himself and others similarly situated,  )

                                   )        **CIVIL ACTION**

      Plaintiffs,                )

                                   )        NO.  4:15-cv-170-HLM

      v.                     )

                                   )        **JURY TRIAL DEMANDED**

CITY OF CALHOUN, GEORGIA,    )

                                   )        **CLASS ACTION**

      Defendant.              )
_____ )

## **COMPLAINT**

Plaintiff Maurice Walker, on behalf of himself and the class alleged herein,

states as follows for his Complaint:

## **INTRODUCTION**

1.     This case is about the City of Calhoun jailing the poor because they

cannot pay a small amount of money.

2.     Plaintiff Maurice Walker is a recent arrestee who is currently

imprisoned because he cannot afford to pay the amount of money generically set

by the bail schedule used by the City of Calhoun.  In the City of Calhoun, many

people arrested for minor traffic or misdemeanor offenses are released from

custody almost immediately upon payment of money to the City.  Those arrestees

who are too poor to purchase their release remain in jail because of their poverty

for up to seven days before a first court appearance.

3.     On behalf of the many other arrestees subjected to the City's money-

based detention scheme, Mr. Walker challenges in this action the use of fixed

amounts of secured money bail that results in the detention of only the poorest of

those arrested for petty offenses.  He seeks a declaration that the City's conduct is

unlawful, and injunctive relief assuring that his rights and the rights of the other

class members will not continue to be violated.

## NATURE OF THE ACTION[1]

4.     It is the policy and practice of the City of Calhoun to refuse to release

traffic and misdemeanor arrestees from jail unless they pay a generically set bond

amount.  That amount varies for each offense but generally ranges from $90 to

$1,000.  Because this sum is set by reference to the alleged offense of arrest, no

individualized factors are considered, and anyone who cannot afford to pay is held

in jail for up to seven days before the City brings its arrestees before the municipal

court.

5.     Mr. Walker seeks declaratory, injunctive, and compensatory relief.

---

[1] Mr. Walker makes the allegations in this Complaint based on personal knowledge
as to matters in which he has had personal involvement and on information and
belief as to all other matters.

## JURISDICTION AND VENUE

6.       This is a civil rights action arising under 42 U.S.C. § 1983 and 28 U.S.C. § 2201, *et seq*., and the Fourteenth Amendment to the United States Constitution.  This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

7.       Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

8.       Plaintiff Maurice Walker represents himself and a class of similarly situated people all subject to the City's money-based post-arrest detention scheme.

9.       Defendant City of Calhoun is a municipal corporation organized under the laws of the State of Georgia.  It is the seat of Gordon County, Georgia. The City operates the Calhoun Police Department and contracts with the sheriff of Gordon County to hold Calhoun arrestees in the Gordon County Jail.

## STATEMENT OF FACTS

### A.    Mr. Walker Is Being Detained Because He Is Indigent.

10.     Maurice Walker is a 54-year-old man with a serious mental disorder that renders him disabled.  His only income consists of approximately $530 per month in Social Security disability payments, which are sent to and managed by his sister.  He lives with his sister and has no property or assets.  His most recent

job was doing masonry work for his brother.  He has not been able to work for the

past five years.

14.    Mr. Walker was arrested on the evening of September 3, 2015, by

Calhoun Police Department officers for allegedly being a pedestrian under the

influence.  *See* Exhibit A, Declaration of Walker.

12.    City police officers brought Mr. Walker to the Gordon County Jail,

where he was booked and placed in a holding cell.  An officer informed Mr.

Walker that he would not be released unless he paid the standard $160 cash bond

that the City requires for people charged with being a pedestrian under the

influence.

13.    Mr. Walker is indigent.  He cannot afford to purchase his release from

jail.  Mr. Walker's family also cannot afford the $160 required by the City's bail

policy.

14.    Mr. Walker has repeatedly asked officers assigned to the Gordon

County Jail when he would go to court.  He has received three different answers.

On information and belief, the City holds weekly court sessions on Mondays, and

new arrestees who cannot afford to pay for their release must wait until the

following Monday to be seen by a judge.  The City did not hold Court on Monday,

September 7, 2015, as a result of the Labor Day holiday.  Therefore, Mr. Walker

will appear in court on Monday, September 14, 2015.

15.     Mr. Walker is prescribed medication for his mental disorder and must

take that medication every day.  He spent eight days in the hospital in late August

2015 because he had stopped taking it.  As a result of his detention in the Gordon

County Jail, Mr. Walker has not been provided with his medication.  He is

assigned to a single-person cell and is allowed out of his cell for one hour each

day.

**B.     The City's Policies and Practices Are Causing Mr. Walker's Detention.**

16.     Under Georgia law, most arrestees accused of misdemeanors are

entitled to pretrial release.  O.C.G.A. § 17-6-1(b)(1).

17.     Mr. Walker would be released immediately by the City of Calhoun if

he or a family member paid the amount set by the City's bail schedule.

18.     The treatment of Mr. Walker and other class members is caused by

and is representative of the City's post-arrest detention policies and practices.

19.     As a matter of policy and practice, when the City of Calhoun Police

Department makes an arrest for a minor traffic or misdemeanor offense, officers

inform the arrestee that the arrestee will be released immediately if he or she pays

the bond amount set for each charge of arrest pursuant to an offense-based and pre-

set bail schedule.[2]  The arrestee is told that he or she will remain in jail if unable to make that payment.

20.    Because Calhoun does not deviate from secured money bail and holds court only once per week, any arrestee too poor to pay the pre-set secured bail could spend as many as seven days in jail prior to a first court appearance.

21.    Unlike many other cities, the City of Calhoun does not allow post-arrest release on recognizance or with an unsecured bond (in which a person would be released by promising to pay the scheduled amount if the person later does not appear).  Instead, City officials require that the payment amount be made up front.

22.    After arrest, jail employees inform arrestees of the secured bond amount based on their training and City policies.  Many of Calhoun's minor misdemeanor arrestees are thus released soon after arrest upon payment of the scheduled amount of cash.  Some remain detained for varying lengths of time until they or their families are able to borrow sufficient amounts of money or arrange for

---

[2] Because of the common availability of commercial bail bonds, those that remain in the custody of the City of Calhoun are typically those that cannot even afford to pay a third-party bonding agent.  The amount charged by a bonding agent is typically 10 to 20 percent of the bond amount, though such agents are free to refuse to pay for the release of an arrestee for any reason or for no reason.  Mr. Walker cannot afford such a bond.

third-party payment.  Others, like Mr. Walker, who are too poor even to find anyone to pay the money bond for them, are kept in jail.

23.    Each Monday, there are commonly about four to six indigent defendants who were not able to pay enough money to secure their release.

## CLASS ACTION ALLEGATIONS

24.    Mr. Walker brings this action, on behalf of himself and all others similarly situated, for the purpose of asserting the claims alleged in this Complaint on a common basis.

25.    A class action is a superior means, and the only practicable means, by which Mr. Walker and other class members can challenge the City's unlawful detention scheme.

26.    This action is brought and may properly be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

27.    This action satisfies the numerosity, commonality, typicality, and adequacy requirements of those provisions.

28.    Mr. Walker proposes a class seeking declaratory and injunctive relief. The class is defined as follows: All arrestees unable to pay for their release who are or will be in the custody of the City of Calhoun as a result of an arrest involving a misdemeanor, traffic offense, or ordinance violation.

**A.     The Class Satisfies the Numerosity Requirement under Rule 23(a)(1).**

29.     Every misdemeanor and ordinance-violation arrestee in Calhoun is presented with the City's standard choice of paying a set fee or being placed in jail. Arrestees are held in jail for varying lengths of time depending on how long it takes them to make the cash payment that the City requires for their release.

30.     Some arrestees are able to pay for release immediately.  Others are forced to wait several days until they or family members can make the payment. Others are not able to pay or to find someone else to pay for them.

31.     Each week, an average of approximately four to six persons have not been able to pay the secured money bond set by City policy.  Those arrestees are still in custody and appear before the Calhoun municipal judge.  Thus, the number of future class members numbers in the hundreds.

**B.     The Class Satisfies the Commonality Requirement under Rule 23(a)(2).**

32.     The relief sought is common to all members of the class, and common questions of law and fact exist as to all members of the class.  Mr. Walker seeks relief mandating the City to change its policies, practices, and procedures so that the constitutional rights of Mr. Walker and the class members will be protected in the future.  Entitlement to relief will depend on whether the City's policies,

practices, and procedures violate the rights of the class members.

33.    These common legal and factual questions arise from one central scheme and set of policies and practices: the City's post-arrest detention scheme. The City operates this scheme openly and in materially the same manner every day.   The material components of the scheme do not vary from class member to class member, and the resolution of common legal and factual issues will determine whether all of the members of the class are entitled to the constitutional relief that they seek.

34.    Among the most important, but not the only, common questions of fact are (a) whether the City of Calhoun has a policy and practice of using fixed offense-based money bail to determine the amount of money necessary to avoid post-arrest detention; (b) whether the City of Calhoun requires that bail amount to be paid up front in order to allow release; (c) what post-arrest procedures the City of Calhoun provides to misdemeanor arrestees, for example, whether Calhoun has any other alternate procedures for promptly releasing indigent people unable to afford a monetary payment.

35.    Among the questions of law common to all class members is whether a fixed secured bail procedure setting standard amounts of money required up front to avoid post-arrest detention violates the Fourteenth Amendment's Due Process

Clause or Equal Protection Clause.

**C.    The Class Satisfies the Typicality Requirement under Rule 23(a)(3).**

36.    Mr. Walker's claims are typical of the claims of the other members of the class, and he has the same interests in this case as all other members of the class that he represents.  Each of them suffers injuries from the failure of the City to comply with basic constitutional provisions: each is confined in jail because of inability to pay the City's standardized cash bond amount.  The answer to whether the City's bail scheme is unconstitutional will determine the claims of Mr. Walker and every other class member.

37.    If Mr. Walker succeeds in the claim that the City's policies and practices concerning post-arrest detention violate his constitutional rights, that ruling will likewise benefit every other member of the class.

**D.    The Class Satisfies the Adequacy Requirement under Rule 23(a)(4).**

38.    Mr. Walker is an adequate representative of the class because his interests in the vindication of the legal claims that he raises are aligned with the interests of the other class members, who each have the same basic constitutional claims.  He is a member of the class, and his interests coincide with, and are not antagonistic to, those of the other class members.

39.     There are no known conflicts of interest among members of the proposed class, all of whom have a similar interest in vindicating their constitutional rights in the face of unlawful treatment by their local government.

40.     Mr. Walker is represented by attorneys from Equal Justice Under Law and the Southern Center for Human Rights, who have experience litigating complex civil rights matters in federal court and extensive knowledge of both secured bail schedule schemes and the relevant constitutional law.

41.     The interests of the members of the class will be fairly and adequately protected by Mr. Walker and his attorneys.

### E.      Class Certification Is Warranted under Rule 23(b)(2).

42.     Class action status is appropriate because the City, through the policies, practices, and procedures that make up its post-arrest detention scheme, has acted in the same unconstitutional manner with respect to all class members. The City of Calhoun has created and applied a simple scheme of post-arrest detention and release: it charges standard secured money amounts for every misdemeanor or ordinance-violation arrestee.  The City releases those who can pay and detains those who cannot.  The detained arrestees are eventually taken to court the following week for a first appearance, up to seven days after arrest.

43.     The class therefore seeks declaratory and injunctive relief to enjoin

the City from continuing in the future to detain impoverished arrestees who cannot afford cash payments. Because the putative class challenges the City's scheme as unconstitutional through declaratory and injunctive relief that would apply the same relief to every member of the class, certification under Rule 23(b)(2) is appropriate and necessary.

44.   Injunctive relief compelling the City to comply with these constitutional rights will similarly protect each member of the class from being subjected to the City's unlawful policies and practices. A declaration and injunction stating that the City cannot use a fixed secured money bail scheme that jails indigent arrestees but frees arrestees with financial means would provide relief to every member of the class. Therefore, declaratory and injunctive relief with respect to the class as a whole is appropriate.

45.   Mr. Walker seeks the following relief and hereby demands a jury in this cause for all matters so appropriate:

**CLAIM FOR RELIEF**

**Defendant City of Calhoun Violates Plaintiff's Fourteenth Amendment Rights by Jailing Him Because He Cannot Afford a Monetary Payment Prior to His First Court Appearance.**

46.   Mr. Walker incorporates by reference the allegations in paragraphs 1 through 44.

47.     The Fourteenth Amendment's Due Process and Equal Protection

Clauses have long prohibited imprisoning a person for the person's inability to

make a monetary payment.  Defendant violates Mr. Walker's rights by jailing him

when he cannot afford to pay the secured bail amount generically set by the City of

Calhoun.

## REQUEST FOR RELIEF

Plaintiff Maurice Walker and the other class members request that this Court

issue the following relief:

     a.    Certify this case as a class action brought on behalf of a class defined

               as follows: All arrestees unable to pay for their release who are or will

               be in the custody of the City of Calhoun as a result of an arrest

               involving a misdemeanor, traffic offense, or ordinance violation;

     b.    Enter a declaratory judgment that the City of Calhoun violates Mr.

               Walker's and class members' constitutional rights by jailing them

               because of their inability to pay a generically set amount of money to

               secure release after an arrest;

     c.    Enter an order and judgment preliminarily and permanently enjoining

               the City of Calhoun from enforcing the unconstitutional post-arrest

money-based detention policies and practices against Mr. Walker and the class of similarly situated people that he represents;

d.    Enter a judgment compensating Mr. Walker for the damages that he previously suffered as a result of the City of Calhoun's unconstitutional and unlawful conduct, including damages resulting from his confinement in jail; and

e.    Enter an order and judgment granting reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and any other relief that this Court deems just and proper.

Respectfully submitted,

/s/ Sarah Geraghty
Sarah Geraghty
Ga. Bar No. 291393
Ryan Primerano
Ga. Bar No. 404962
SOUTHERN CENTER FOR HUMAN RIGHTS
83 Poplar Street, NW
Atlanta, GA 30303
(404) 688-1202
(404) 688-9440 (facsimile)
sgeraghty@schr.org
rprimerano@schr.org

Alec Karakatsanis
D.C. Bar No. 999294[3]

---

[3] Pending admission *pro hac vice*.

EQUAL JUSTICE UNDER LAW
916 G Street, NW
Suite 701
Washington, DC 20001
(202) 681-2409
alec@equaljusticeunderlaw.org

September 8, 2015                    *Counsel for Mr. Walker*[4]

---

[4] Counsel hereby certifies that this document has been prepared in compliance with Local Rule 5.1C using 14-point Times New Roman font.