[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10521

_____

D.C. Docket No. 4:15-cv-00170-HLM

MAURICE WALKER,
on behalf of himself and others similarly situated,

                                                                          Plaintiff - Appellee,

versus

CITY OF CALHOUN, GA,

                                                                          Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 9, 2017)

Before WILLIAM PRYOR, JORDAN, and BALDOCK,[*] Circuit Judges.

PER CURIAM:

---

[*] The Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit, sitting by designation.

The City of Calhoun appeals the preliminary injunction entered by the district court in favor of Maurice Walker. The parties and amici filed briefs on the propriety of that order. We have considered their arguments, reviewed the record, and now, with the benefit of oral argument, vacate the preliminary injunction entered against the City and remand the case to the district court for further proceedings.

# I

An officer with the City of Calhoun police department arrested Mr. Walker on September 3, 2015, and charged him with the misdemeanor offense of being a pedestrian under the influence. The charged offense fell within the jurisdiction of the City's municipal court, which had a standing bail order that set a fixed monetary bail schedule for traffic and misdemeanor offenses. The City released arrestees immediately after booking if they paid the amount corresponding to their offense of arrest, but those who could not pay were held in jail until the next time the municipal court convened (usually the following Monday) for their first appearance.[1]

After his arrest, Mr. Walker was informed that, under the standing bail order, he would have to pay a $160 cash bond for immediate release from jail. Mr.

---

[1] After the lawsuit was filed, but before the district court ruled on the motion for preliminary injunction, the standing bail order was amended to require a first appearance within 48 hours of arrest. Because we do not reach the merits of the preliminary injunction order, we need not decide whether the new 48-hour period affects Mr. Walker's claims.

2

Walker alleges that he not could afford to pay that amount because he is indigent, so the City kept him in jail to await his first appearance. Only then would he have had the opportunity to seek release on recognizance. Mr. Walker filed this action against the City while he was in custody.

In his complaint, Mr. Walker asserts that the City's bail policy violates equal protection and due process principles by conditioning immediate release from jail on an arrestee's ability to pay a preset amount of cash without providing alternatives to indigent arrestees. *See, e.g.*, D.E. 1 at ¶ 47. Mr. Walker moved to preliminarily enjoin the City from jailing him and other similarly situated indigent arrestees without offering them release on an unsecured bond or their own recognizance. *See* D.E. 4 at 1. The district court granted the motion for preliminary injunction without a hearing, *see* D.E. 40, and this appeal followed.[2]

## II

We review a district court's decision to grant preliminary injunction for abuse of discretion. *See United States v. Alabama*, 691 F.3d 1269, 1281 (11th Cir. 2012). "In so doing, we review the findings of fact of the district court for clear

---

[2] The City noticed for appeal the district court's orders granting class certification and denying its motion to dismiss. *See* D.E. 28, 41. In this Court, Mr. Walker filed a motion to dismiss the appeal of those two orders for lack of appellate jurisdiction. That motion was then carried with the case to oral argument. We deny as moot Mr. Walker's motion to dismiss because the City conceded in its response brief that it is not directly appealing these two orders. *See* Br. of Appellant at 14 n.46.

3

error and legal conclusions *de novo*." *Scott v. Roberts*, 612 F.3d 1279, 1289 (11th Cir. 2010).

## III

Regardless of whether, substantively, a district court properly issued a preliminary injunction, *see generally GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Engineers*, 788 F.3d 1318, 1322 (11th Cir. 2015) (setting forth the elements of a preliminary injunction), all preliminary injunction orders must comport with Federal Rule of Civil Procedure 65.  So, every order granting an injunction must "(A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1).

Rule 65's specificity requirements serve important structural and due process functions. *See Hughey v. JMS Dev. Corp.*, 78 F.3d 1523, 1531 (11th Cir. 1996) (explaining that Rule 65 protects "those who are enjoined by informing them of . . . exactly what conduct is proscribed" and ensures "informed and intelligent appellate review") (citations and internal quotation marks omitted).  To effectuate them, we have repeatedly vacated injunctions containing only "[b]road, non-specific language that merely enjoins a party to obey the law or comply with an agreement." *Id.* (quoting *Louis W. Epstein Family P'ship v. Kmart Corp.*, 13 F.3d 762, 771 (3d Cir. 1994)).  Additionally, because an injunction carries the

4

possibility of contempt, our case law demands that an injunction contain "an operative command capable of enforcement." *Id.* (citations and internal quotation marks omitted).

> In this case, the district court ordered that the City:
>
> implement post-arrest procedures that comply with the Constitution, and . . . that, unless and until [the City] implements lawful post-arrest procedures, [the City] must release any other misdemeanor arrestees in its custody, or who come into its custody, on their own recognizance or on an unsecured bond in a manner otherwise consistent with state and federal law and with standard booking procedures. [The City] may not continue to keep arrestees in its custody for any amount of time solely because the arrestees cannot afford a secured monetary bond.

Order Granting Motion for Preliminary Injunction, D.E. 40, at 73 (Jan. 28, 2016).

This order violates Rule 65. First, requiring the City to "comply with the Constitution" is the archetypical and unenforceable "obey the law" injunction. *See Int'l Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 69, 74 (1967) (reversing decree that ordered party "to comply with [an arbitration award]"). Second, the order does not contain an operative command capable of enforcement or review. It requires the City to fashion constitutionally compliant post-arrest procedures, yet offers no guidance on the minimal standards required by the Constitution. *See Hughey*, 78 F.3d at 1531–32 (vacating injunction that

5

required the defendant to stop discharges in violation of the Clean Water Act, but failed to explain how to do so).

The rest of the order does not save the injunction from these deficiencies. The proscription against detaining misdemeanor arrestees unless the City offers them release on their own recognizance is an alternative means of compliance that is intertwined with the generalized requirement that the City enact lawful post-arrest procedures. Without any guidance, the district court's order potentially subjects the City to contempt proceedings simply because new post-arrest procedures turn out to be unconstitutional. Rule 65 was meant to prevent such uncertainty. *See Russell C. House Transfer & Storage Co. v. United States*, 189 F.2d 349, 351 (5th Cir. 1951) (explaining that a court should not enjoin a party in general terms such that the party is subject to contempt proceedings "should at any time in the future [it] commit some new violations, unlike and unrelated to that with which it was originally charged"). Accordingly, we do not believe that, as written, the injunction can stand.

**PRELIMINARY INJUNCTION VACATED; AND CASE REMANDED TO THE DISTRICT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**