**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

|  |  |  |
|---|---|---|
| MAURICE WALKER, on behalf of himself and others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | NO. 4:15-CV-170-HLM |
| CITY OF CALHOUN, GEORGIA, | ) ) | |
| Defendant. | ) ) ) | |

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY**

Plaintiff Maurice Walker respectfully requests that the Court deny the City's motion to stay.  This Court retains jurisdiction over this case during the City's second interlocutory appeal, and staying proceedings will disrupt discovery and significantly delay the proper development of a record and resolution of this case, with no offsetting benefit to the Court or the parties.  There is no indication that the Eleventh Circuit will overturn the injunction, much less that it will provide guidance on the merits when the record is almost entirely bare.  Walker has a strong interest in developing the record while witnesses' memories are intact and without another year or more of delay.  Allowing him to do so will promote efficiency, avoid prejudice to Walker, and cause no prejudice to the City.

## BACKGROUND

Maurice Walker filed this case on September 8, 2015, to challenge the post-arrest release procedures applied to indigent arrestees by the City of Calhoun, Georgia.  (Doc. 1.)  Though the case has been pending for nearly two years, the record is spare.  Discovery originally began on January 15, 2016, and should have concluded on May 15, 2016.  (Doc. 38 at 9.)  Two weeks into the discovery period, the Court entered a preliminary injunction (Doc. 40), and the City took an interlocutory appeal the following week (Doc. 42).  The parties did not engage in discovery during the 14 months that the case was on appeal.

The City raised many arguments on appeal (*see* Doc. 64-3), but the Eleventh Circuit panel did not address them.  The Eleventh Circuit instead vacated the injunction because its text did not comply with Rule 65 of the Federal Rules of Civil Procedure.  (Doc. 53 at 5.)  On remand, the parties requested (Doc. 60) and the Court entered (Doc. 61) an amended scheduling order providing that the discovery period would run from May 15 to September 1, 2017.  The parties also filed briefs and exhibits concerning how the Court should proceed with respect to the preliminary injunction.  (Doc. 57, 58, 62, 63, 64, 65, 66.)

On June 16, 2017, the Court, in accordance with the Eleventh Circuit's mandate, entered a revised preliminary injunction order that complied with Rule

65.  On June 21, 2017, Maurice Walker served his first interrogatories and requests for production on the City.  On July 12, 2017, the City filed a notice of appeal from the preliminary injunction.  (Doc. 69.)  One week later, and two days before the deadline to respond to Walker's discovery requests, the City's counsel contacted Walker's counsel, requesting to extend the response deadline by four weeks. Walker's counsel agreed to a one-week extension of time, and offered to extend the deadline further if the City wished to lengthen the discovery period.  The following week, counsel for the City indicated for the first time that the City would prefer to stay discovery.  Walker declined to consent to a stay, but offered to extend the discovery period for up to 90 days.  The City later requested that the Court stay proceedings while the case is on appeal (Doc. 74) and the parties jointly moved to extend the discovery period by 90 days (Doc. 77).

The City served discovery responses on July 28.  The responses consisted of many objections and little useful information.  Plaintiff is currently attempting in good faith to resolve a discovery dispute with the City's counsel.  Plaintiff has also requested deposition dates for seven witnesses, including the municipal court judge, municipal court solicitor, police chief, and clerk of the municipal court.  The City acknowledged the request but has not yet proposed deposition dates.

**ARGUMENT**

The Court should not stay discovery or other proceedings during the City's interlocutory appeal. The City requests a stay for two reasons, neither of which has merit. The first is that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously" (Doc. 74-1 at 3 (citation omitted)), but it is well established that an interlocutory appeal from a preliminary injunction does not divest a district court of jurisdiction over the case as a whole. The second reason offered by the City is that the Eleventh Circuit could "potentially decid[e] the legal questions at the core of this litigation" (Doc. 74-1 at 3), but it would be highly unusual for the Eleventh Circuit to do that in the context of a preliminary injunction appeal or on this undeveloped record. The far more likely outcome is that the Eleventh Circuit will affirm this Court's rulings a year or more from now, requiring the litigation to recommence yet again three years into the case but with minimal progress toward a final resolution. For these reasons, a stay is unwarranted.

## I.   THE INTERLOCUTORY APPEAL DOES NOT DIVEST THIS COURT OF JURISDICTION.

An interlocutory appeal divests a district court of only "those aspects of the case involved in the appeal." *Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003) (quoting *Griggs v. Provident Consumer*

*Discount Co.*, 459 U.S. 56, 58 1982)).  Under that standard, an appeal from the

entry of a preliminary injunction does not divest the district court of all jurisdiction

or prevent the district court from entering a final judgment.  Rather, the well-

established rule is that "an appeal from the denial or granting of a preliminary

injunction should not ordinarily delay the final trial of the case on its merits."

*United States v. Lynd*, 321 F.2d 26, 28 (5th Cir. 1963); *see, e.g.*, *State of Ala. v.*

*U.S. E.P.A.*, 871 F.2d 1548, 1553-54 (11th Cir. 1989) (holding district court had

jurisdiction to grant partial summary judgment in plaintiffs' favor and partially

dismiss case while defendants appealed entry of preliminary injunction).[1]  In fact,

it is not unusual for district courts to proceed to the merits and enter final

injunctive relief before a court of appeals has decided an interlocutory appeal.  *See,*

---

[1] *Accord Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 791 (10th Cir. 2013) ("Although the filing of a notice of appeal ordinarily divests the district court of jurisdiction, in an appeal from an order granting or denying a preliminary injunction, a district court may nevertheless proceed to determine the action on the merits." (quoting *United States v. Price*, 688 F.2d 204, 215 (3d Cir. 1982))); *Zundel v. Holder*, 687 F.3d 271, 282 (6th Cir. 2012) ("[A]n appeal from an order granting or denying a preliminary injunction does not divest the district court of jurisdiction to proceed with the action on the merits." (quoting *Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1174 (6th Cir. 1995))); *Lopez Dominguez v. Gulf Coast Marine & Assoc., Inc.*, 607 F.3d 1066, 1073 (5th Cir. 2010) ("The district court maintains jurisdiction as to matters not involved in the appeal, such as the merits of an action when appeal from a preliminary injunction is taken . . . ." (quoting *Farmhand, Inc. v. Anel Eng'g Indus., Inc.*, 693 F.2d 1140, 1145 (5th Cir. 1982))).

*e.g.*, *Pro-Life Cougars v. Univ. of Houston*, 67 F. App'x 251, 251 (5th Cir. 2003)

(dismissing interlocutory appeal as moot because district court entered final

injunction while defendant was appealing preliminary injunction).

This Court thus retains jurisdiction over this case.  *See* 16 Charles Alan

Wright & Arthur R. Miller, Federal Practice and Procedure § 3921.2 (3d ed. 2017)

("Interlocutory injunction appeals would come at high cost if the trial court were

required to suspend proceedings pending disposition of the appeal. The delay and

disruption alone would be costly.").[2]

---

[2] Though the City's notice of appeal indicates that it intends to seek review of the
Court's denial of the City's motion to dismiss and grant of Walker's motion for class
certification (Doc. 69 at 1), the City will not be allowed to raise those matters on
appeal.   The City "conceded" during the first appeal that it was "not directly
appealing" those orders.  *See Walker v. City of Calhoun*, No. 16-10521, 2017 WL
929750, at *1 n.2 (11th Cir. Mar. 9, 2017).   Under the law-of-the-case doctrine, the
City will not be allowed to challenge those rulings in this second appeal.   *United
States v. Pilati*, 627 F.3d 1360, 1364 (11th Cir. 2010) ("Under the law of the case
doctrine, a legal decision made at one stage of the litigation, unchallenged in a
subsequent appeal when the opportunity existed, becomes the law of the case for
future stages of the same litigation, and the parties are deemed to have waived the
right to challenge that decision at a later time." (quoting *United States v. Escobar-
Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997))).

## II.   THE CITY HAS NOT ESTABLISHED THAT A STAY IS WARRANTED.

A federal court has a "strong obligation" not to "postpone [a] federal claim in the absence of exceptional circumstances." *Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1525 (11th Cir. 1984). Accordingly, "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009); *Gay Lesbian Bisexual Alliance v. Sessions*, 917 F. Supp. 1558, 1561 (M.D. Ala. 1996) (noting stay pending appeal "is considered 'extraordinary relief' for which the moving party bears a 'heavy burden'" (quoting *Winston-Salem/Forsyth Cty. Bd. of Educ. v. Scott*, 404 U.S. 1221, 1231 (1971) (Burger, C.J., in chambers))). "For this court to grant a stay pending appeal, the petitioner must show: (1) a likelihood that they will prevail on the merits of the appeal; (2) irreparable injury to the [movant] unless the stay is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest." *In re Federal Grand Jury Proceedings*, 975 F.2d 1488, 1492 (11th Cir. 1992).

The exceptional circumstances needed to support a stay are absent here. The City has not explained why it believes that its second interlocutory appeal will be successful, nor has it identified an irreparable harm that would follow from requiring the parties to move forward with district court proceedings that will

almost certainly resume in the future regardless of whether the City prevails in challenging the preliminary injunction.  On the other hand, Maurice Walker will be prejudiced if he is required to wait out another round of appellate review before proceeding with long-delayed discovery in this case.

> ### A.   The City Has Not Shown a Likelihood That the Second Interlocutory Appeal Will Be Successful.

The movant's likelihood of success on appeal "is the most important" factor in deciding whether to grant a stay pending appeal.  *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986).  "It is not enough that the chance of success on the merits be 'better than negligible.'"  *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Sofinet v. INS*, 188 F.3d 703, 707 (7th Cir. 1999)).  A party must establish at least a "substantial case on the merits" of the claims to be raised on appeal. *Garcia-Mir*, 781 F.2d at 1453 (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981)); *see also Freeman v. Cavazos*, 923 F.2d 1434, 1438 (11th Cir. 1991) (holding that when a party "faces little, if any, immediate injury, the [party] must demonstrate a *very strong likelihood* of success on the merits of his claim" (emphasis added)).  When a party "makes no showing that there is likelihood that his appeal will succeed on the merits, . . . the Court must conclude that it will not." *Warhurst v. One Twenty Foot Bertran*, No. 14-CV-245, 2015 WL 1885103, at *2 (S.D. Ala. Apr. 24, 2015).

Here, the City has not identified the arguments it intends to present on appeal or explained why it believes those arguments will be successful.[3]  The City presumably will raise the same claims of error that the Eleventh Circuit declined to consider during the City's first interlocutory appeal, and that this Court previously rejected.  There is no reason to believe that these issues "clearly would be decided in [the City's] favor" in this appeal.  *See Freeman*, 923 F.2d at 1439.

### B.  The Appeal Will Not Avoid the Need for Litigation in This Court.

The second factor requires the party seeking a stay to establish that, absent a stay, it will suffer irreparable harm.  *Nken*, 556 U.S. at 434.  "The key word in this consideration is *irreparable*.  Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough."  *Diamond Power Int'l, Inc. v. Clyde Bergemann, Inc.*, 370 F. Supp. 2d 1339, 1349 (N.D. Ga. 2005) (quoting *United States v. Jefferson Cty.*, 720 F.2d 1511, 1520 (11th Cir. 1983)).  In addition, the injury must be "actual and imminent."  *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting

---

[3] *Cf. First 100, LLC v. Omni Financial, LLC*, No. 2:16-CV-99, 2016 WL 3536841, at *3 (D. Nev. June 28, 2016) (finding stay pending mandamus proceedings unwarranted where party's "discussion of its likelihood of success on the merits [was] extremely brief and [did] not address which aspects of the Court's order [the party] believe[d] were clearly erroneous or how any of the other factors considered in issuing a writ of mandamus [were] met"); *Warhurst*, 2015 WL 1885103, at *2.

*Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*,
896 F.2d 1283, 1285 (11th Cir. 1990)).  "[S]imply showing some 'possibility of
irreparable injury' . . . fails to satisfy [this] factor."  *Nken*, 556 U.S. at 434.  A party
seeking a stay must instead "demonstrate that irreparable injury is *likely*" absent a
stay.  *See Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008).

The City suggests that it would be irreparably harmed in the form of
litigation expenses because the interlocutory appeal could, the City argues,
"resolve the entirety of this litigation on the merits."  (Doc. 74-1 at 1.)[4]  But that
argument overlooks the limited scope of an appeal from a preliminary injunction,
which is governed by a deferential, abuse-of-discretion standard of review.  *See
Cumulus Media v. Clear Channel Comm.*, 304 F.3d 1167, 1171 (11th Cir. 2002)
("[Judgments] about the viability of a plaintiff's claims and the balancing of
equities and the public interest[] are the district court's to make and we will not set
them aside unless the district court has abused its discretion in making them.").
Under that standard, it would be unusual for the Eleventh Circuit to issue any
definitive rulings on the merits, as its normal practice is to "not resolve the merits
of the constitutional claim, but instead address whether the district court abused its

---

[4] The City also argues that an opinion from the Court of Appeals might "be
instructive."  (Doc. 74-1 at 6.)

discretion in concluding that [the plantiff] is substantially likely to succeed."

*Lebron v. Sec'y, Fla. Dep't of Children and Families*, 710 F.3d 1202, 1206 (11th

Cir. 2013); *see Ashcroft v. Am. Civil Liberties Union*, 542 U.S. 656, 664-65 (2004)

("If the underlying constitutional question is close, therefore, [a court] should

uphold the injunction and remand for trial on the merits.").  As the former Fifth

Circuit explained,

> This Court has repeatedly held that when an appeal is
> taken from the denial by the trial court of a temporary
> injunction . . . , the appellate court does not consider the
> entire case on its merits.  This is necessarily true because
> the trial court itself need not consider the case on the
> merits in order to decide whether the plaintiff is entitled,
> on the showing made, to have the court enter a temporary
> injunction to maintain the status quo until the merits can
> adequately be inquired into.  This, of course, can be done
> only on the trial in chief.

*Barnwell Drilling Co. v. Sun Oil Co.*, 300 F.2d 298, 299-300 (5th Cir. 1962);

*Wooten v. Ohler*, 303 F.2d 759, 761 (5th Cir. 1962) ("The Sheriff asks us to agree

with him that the trial Judge was wrong.  But that is not precisely the issue before

us. The granting or denying of a preliminary injunction is within the discretion of

the trial Judge . . . .").

In short, even if the City were to establish on appeal that Walker failed to

meet the requirements for a preliminary injunction, it is unlikely that this would

eliminate the need for further proceedings, or even limit the scope of those

proceedings.  *See, e.g.*, *GeorgiaCarry.Org v. U.S. Army Corps of Eng'rs*, 788 F.3d 1318, 1324 (11th Cir. 2015) (holding plaintiff not entitled to preliminary injunction, but "return[ing] the matter to the district court for further factual development and consideration of the plaintiffs' request for a permanent injunction and declaratory relief").  Accordingly, "the litigation in the instant matter is inevitably piecemeal" due to the City's decision to take an interlocutory appeal. *Cf. Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1525 (11th Cir. 1984) (holding stay pending outcome of parallel state-court litigation was improper where "the stay only postpone[d] the district court's inevitable consideration of the claim" and "d[id] not conserve judicial resources or aid in comprehensive disposition of the litigation").  Entering a stay under these circumstances would accomplish only delay, without conserving the parties' or the Court's resources.  *See id.*  ("Although it may be inconvenient for [defendant] to defend the federal and state case simultaneously, the same or greater inconvenience will occur when the federal suit reconvenes . . . ."); *Outside the Box Innovations, LLC v. Travel Caddy, Inc.*, 1:05-CV-2482, 2007 WL 7753799, at *4 (N.D. Ga. Aug. 7, 2007) (denying motion to stay pending appeal of preliminary injunction because "a number of issues currently before the Court will not be impacted by any decision rendered in [defendant's] pending appeal").

### C.      Walker Will Be Harmed by a Stay.

A stay will cause substantial prejudice to Walker with no countervailing benefit to anyone. *See Hicks v. City of New York*, 268 F. Supp. 2d 238, 242-43 (E.D.N.Y. 2003) ("["T]he plaintiffs should not be delayed in their efforts to diligently proceed to sustain [their] claim."). This case has been pending now for two years, but the record is almost entirely undeveloped. The City's previous appeal, which lasted 14 months, caused much of that delay. (*Compare* Doc. 42 (notice of appeal filed February 5, 2016), *with* Doc. 54 (Eleventh Circuit's mandate issued April 7, 2017).) Another delay of a year or more before discovery is possible will make it far more difficult for Walker to develop the facts while witnesses' memories are relatively fresh and evidence is still available. *See Thigpen v. Smith*, 792 F.2d 1507, 1514 (11th Cir. 1986) (noting that evidence is, "by its nature, fragile and susceptible to destruction over time").

Delaying discovery would cause particularly significant problems under the circumstances of this case because Walker's counsel have expended substantial resources toward discovery disputes and are working in good faith toward resolving these issues. After the case was remanded, Walker served interrogatories and requests for production on the City, but received almost nothing of value in return due to numerous objections to every item of discovery but one. Walker has

also requested deposition dates for seven important fact witnesses, including the municipal judge, municipal court solicitor, and police chief.  Though Walker has attempted in good faith to resolve these matters, the City declined to supplement several items, is still considering whether and to what extent to supplement others, and has not proposed dates to depose witnesses.

A stay will remove any incentive for the City to cooperate in these issues, while permitting the City to continue making factual representations about this case—including representations about rates of failures to appear, the City's degree of control over the municipal judge, and other matters—that Walker is unable effectively to challenge because the City has exclusive possession of evidence bearing on these issues.[5]  Similarly, a stay of discovery will prevent Walker from having access to information that may lead the City to be more amenable to a settlement of this case.  For these reasons, Walker will be harmed by a stay.[6]

_____

[5] In its motion to stay, the City suggests that its "limited resources" weigh in favor of a stay to avoid the burdens of discovery.  (Doc. 74-1 at 6.)  The City is represented by six attorneys from three firms, and has chosen to devote its resources to aggressively litigating this case in two courts.  There would be nothing unfair about requiring the City to devote modest resources to providing information to Walker.

[6] To the extent that the City seeks to stay not only discovery and final judgment, but also enforcement of the preliminary injunction itself, the balance of hardships weighs even more strongly against a stay and in favor of protecting the class members from wealth-based detention while this case is on appeal.  "There is, perhaps, no injury more substantial and less reparable than improper denial of the

**D.     The Public Interest Disfavors a Stay.**

"The public interest is best served by prompt resolution of litigation and conservation of judicial resources." *United States v. Weeks*, No. 1:09CV-122, 2009 WL 2366437, at \*2 (D. Vt. July 31, 2009); *see also Forsberg v. Pefanis*, 261 F.R.D. 694, 701 (N.D. Ga. 2009) (recognizing the "public's interest in expeditious resolution of litigation"). Allowing proceedings to go forward in this Court would thus further rather than harm the public interest. *See Garcia-Mir v. Meese*, 781 F.2d 1450, 1455 (11th Cir. 1986) ("We find little evidence that the public will suffer irreparable injury from the trial court's order that the government move ahead with the preparation of plans for a hearing.").[7]

---

right to liberty." *Garcia-Mir*, 781 F.2d at 1455; *see also United States v. Bogle*, 855 F.2d 707, 710-11 (11th Cir. 1988) ("[U]nnecessary deprivation of liberty clearly constitutes irreparable harm.").

[7] Likewise, "a court's interest is usually best served by discouraging motions to stay." *Hicks*, 268 F. Supp. 2d at 243 (denying stay because case "was commenced approximately nine months ago, and no discovery has yet been conducted"); *Morrow v. City of Tenaha*, No. 2:08-CV-288, 2010 WL 3057255, at \*4 (E.D. Tex. July 30, 2010) ("This case has been pending for two years and a further stay of discovery directed towards defendants . . . would result in an indefinite delay of the class certification and trial schedule, frustrating resolution if this case for an undefined period of time. Such a stay of indefinite duration is contrary to the Court's interest in moving its docket and ensuring the expeditious resolution of cases before it.").

**CONCLUSION**

The Court should deny the City's motion to stay proceedings during the

second interlocutory appeal.

Respectfully submitted,

/s/ Ryan Primerano
Sarah Geraghty
Ga. Bar No. 291393
Ryan Primerano
Ga. Bar No. 404962
SOUTHERN CENTER
FOR HUMAN RIGHTS
83 Poplar Street, NW
Atlanta, GA 30303
(404) 688-1202
(404) 688-9440 (facsimile)
sgeraghty@schr.org

Alec Karakatsanis
D.C. Bar No. 999294
CIVIL RIGHTS CORPS
910 Seventeenth Street, NW
Fifth Floor
Washington, DC 20006
(202) 681-2409
alec@civilrightscorps.org

*Counsel for Mr. Walker*

August 11, 2017

## CERTIFICATE OF COMPLIANCE

Counsel hereby certifies that this document has been prepared in compliance with Local Rule 5.1C using 14-point Times New Roman font.

/s/ Ryan Primerano

August 11, 2017

## CERTIFICATE OF SERVICE

I certify that on August 11, 2017, I electronically filed the foregoing using

the CM/ECF system, which will send notification of filing to all counsel of record.

/s/ Ryan Primerano

August 11, 2017